UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAVOYR WEDDINGTON,

        Plaintiff,      18-cv-10055 (PKC)

 -against-            OPINION AND ORDER,
                   INCLUDING ORDER TO SHOW
                   <u>CAUSE FOR SANCTIONS</u>


SENTRY INDUSTRIES, INC.,

        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Sentry Industries, Inc. ("Sentry"), its insurer and its lawyers appear to be playing the litigation equivalent of Three-Card Monte with two unaffiliated corporations sharing the same name. One is a Texas corporation that is not named in the present action and the other is a New York corporation that is named in the action and that manufactures earbuds, the product allegedly causing plaintiff's injury. In support of a motion to dismiss for lack of subject matter jurisdiction, Sentry, the New York corporation, falsely represents itself to be the non-diverse Texas entity. Because, as will be seen, the requirements for diversity jurisdiction are satisfied, the motion to dismiss will be denied. Sentry and its lawyers will have the opportunity to be heard on whether they should be sanctioned.

    Plaintiff Savoyr Weddington alleges that she purchased earbuds manufactured and sold by defendant Sentry. When she finished listening to music, she attempted to remove them and a rubber earpad detached from one of the earbuds and became lodged in her ear canal causing her injury.

Her complaint in this action invoked this Court's diversity jurisdiction. 28 U.S.C. § 1332. Because plaintiff, a citizen of Texas, neither alleged the place of incorporation nor the principal place of business of Sentry, the Court ordered the plaintiff to amend to allege these particulars. (Order of Jan. 7, 2019; Doc 8.)

Plaintiff filed a First Amended Complaint ("FAC"), continuing to invoke diversity jurisdiction, and unambiguously identifying the sole party she was suing:

> Defendant SENTRY INDUSTRIES, INC. is a domestic business corporation that is incorporated in the state of New York. Its principal place of business is 1 Bridge Street, P.O. Box 885, Hillburn, New York 10931.

(FAC ¶1.2; Doc 15.)

Defendant's motion to dismiss for lack of subject matter jurisdiction challenges neither the allegation that Ms. Weddington is a citizen of Texas nor the allegation that the amount in controversy exceeds $75,000, exclusive of interests and costs. It asserts, however, that Sentry is not a citizen of New York but of Texas. (Doc 18 at 4.) Sentry has filed no affidavit in support of the motion but appends to its memorandum of law a listing from the website of the Secretary of State of Texas indicating that Sentry is an active Texas corporation with a registered office in Houston, Texas. (Doc 18, Ex. G.) It argues that "[h]ere, diversity of citizenship is incomplete, and as such the United States District Court for the Southern District of New York lacks subject matter jurisdiction to adjudicate this matter." (Doc 18 at 5.)

But the Court takes judicial notice that New York Department of State identifies "Sentry Industries, Inc." as a "Domestic Business Corporation," i.e., a New

York corporation, with its "Principal Executive Office" at the very address alleged in plaintiff's First Amended Complaint (Doc 15 ¶1.2.)[1]

It seems that Ms. Weddington had filed suit based upon the same injury in in Texas in 2017, which was later dismissed without prejudice upon Ms. Weddington's own motion. (Doc 18 at 1-2.) The "Sentry Industries, Inc." named in the 2017 suit is a Texas corporation that was organized for an alternative energy project and which, according to T.M. Skillern, its sole officer and stockholder, has had no income in its nearly 20-year existence. (Decl. of T.M. Skillern ¶¶ 4-6, Doc 19-1.) It has "no affiliation with any manufacturer or distributor of earbuds. . . ." (Id. ¶ 10.) Defendant's motion to dismiss in this Court feigns the belief that the entity named in the action is the entity that was wrongly named by Ms. Weddington in 2017 and that it is moving on behalf of that Texas-based entity.

But from the day the First Amended Complaint was filed in this Court, there could be no doubt that the one and only Sentry named as a party to the action is the Sentry located at 1 Bridge Street, Hillburn, New York and not the one located in Texas. Yet Sentry has not folded its tent but has doubled down on the claim that the parties are not diverse.[2]

---

[1] See, e.g., J & J Sports Prods., Inc., v. Gomez, No. 18 cv 5119(KAM)(CLP), 2019 WL 4744229, at *5 (E.D.N.Y. Sept. 29, 2019) (taking judicial notice of the contents of corporate filing with the New York Department of State and collecting cases that do the same); Paysafe Partners LP v. Merchants Payment Grp. LLC, No. 19 Civ. 495 (LGS), 2019 WL 1986607, at *1 n.1 (S.D.N.Y. May 6, 2019) (taking judicial notice that the respondent "is listed as an active entity in the New York Department of State's Corporation and Business Entity Database.").

[2] Curiously, Sentry's reply submission is styled as "Defendant Sentry Industries, Inc's Affirmation in Reply to Plaintiff's Opposition to and in Further Support of Defendant's Pre-Answer Motion to Dismiss." (Doc 21.) However, no affirmation, affidavit or declaration has ever been filed by Sentry.

Sentry's reply submission is not forthright but it does provide a cryptic clue: "The Hanover Insurance Group assigned representation of Sentry Industries, Inc., the correct entity which manufactures the subject earpads, for the defense of Sentry in the underlying Texas action, as well as defense for the instant matter filed in the United States District Court for the Southern District of New York." (Doc 21 at 3.) In plain English, the insurer of the earbud manufacturer located in Hillburn, New York, sent lawyers into court in Texas purporting to represent Mr. Skillern's moribund Texas company and now has sent lawyers into federal Court in New York to falsely claim that the Texas corporation again has been sued in this Court. Sentry and its lawyers were aware of the clear and unambiguous allegation of FAC ¶1.2 setting forth New York as the place of incorporation and Hillburn, New York, as the principal place of business of the sole entity Ms. Weddington is now suing. The first line of responsibility for the content of court filings lies with the lawyers of record and the client.[3]

Chicanery engenders disrespect of the entire legal profession and the judicial system in which it operates. Sanctions are a means of dissuading those who have engaged in misdirection and deception and those who might consider doing so in the future. See Rule 11(c)(4), Fed. R. Civ. P. ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.")

---

[3] See Rule 11(b), Fed. R. Civ. P. ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, . . . the claims, defenses, and other legal contentions are warranted by existing law. . . [and] the factual contentions have evidentiary support"); see also S.E.C. v. Smith, 710 F.3d 87, 97 (2d Cir. 2013) (affirming sanctions against defendant who made false statements in response to order to list her accounts and assets). A non-party, such as an insurer, may be prosecuted for the crime of obstruction of justice. 18 U.S.C. §1512(c)(2) ("Whoever corruptly . . . otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.") (emphasis added).

Let Sentry, its counsel of record Scott Lawrence Haworth, Daniel Craig Rosenberg, and the law firm of Haworth Barber & Gerstman, LLC show cause in writing by November 4, 2019 why they should not be sanctioned under Rule 11, Fed. R. Civ. P., and the inherent power of the Court for (1) presenting to the Court a written motion to dismiss the FAC for lack of subject matter jurisdiction falsely asserting that the corporation described therein was non-diverse; (2) presenting to the Court an excerpt from the website of the Texas Secretary of State in an effort to deceive the Court into believing that the defendant named in the FAC is a Texas corporation when in truth only the New York corporation is named in the FAC; (3) presenting to the Court a reply submission adhering to the position in the original written motion; and (4) presenting to the Court a written motion and reply falsely implying that the lawyers and law firm were moving on behalf of the entity that had been named in the 2017 Texas lawsuit, Case No. DC-17-15536-B in the District Court of Dallas, Texas, 44th Judicial District, when in truth and in fact they had been retained to defend the interest of the earbud manufacturer described in FAC ¶1.2. Respondents shall show cause why the foregoing conduct is not violative of Rule 11 and the New York Rules of Professional Conduct (inter alia, Rules 3.1; 3.3(a) & (e); 3.4(a)(1), (3) & (6); 4.1; 8.4(c) & (d)).

The Court has considered the balance of defendant's motion that asserts that plaintiff's single claim, one sounding in negligence, fails to state a claim for relief. The complaint more than amply satisfies Rule 8(a), Fed. R. Civ. P. It alleges the date and place where plaintiff purchased the earbuds and how she was injured, i.e., upon removing the product an earpad came loose, separated from the earbud, and became lodged in her ear canal causing a hole in her inner ear. She alleges that it was a design defect, a

manufacturing defect, a failure to warn or some other act of negligence on the part of defendant that caused this injury. This is all she was required to allege to satisfy Rule 8(a). See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

CONCLUSION

The motion to dismiss (Doc 18) is DENIED.[4] As indicated, Sentry Industries, Inc., its counsel of record Scott Lawrence Haworth, Daniel Craig Rosenberg, and the law firm of Haworth Barber & Gerstman, LLC shall respond to the Order to Show Cause by November 4, 2019.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 16, 2019

---

[4] Defendant's motion that asserted improper venue was also based on the false premise that a Texas-based entity was the defendant. In fact, the defendant has its principal place of business in Hillburn, New York, situated in Rockland County, which is within this district. The motion premised upon improper venue is denied.