```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SAVOYR WEDDINGTON,

                            Plaintiff,                      18-cv-10055 (PKC)

        -against-                                           MEMORANDUM AND
                                                            ORDER ON SANCTIONS

SENTRY INDUSTRIES, INC.,

                            Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Sentry Industries, Inc. ("Sentry"), the sole defendant in this diversity action, moved to dismiss for lack of subject matter jurisdiction asserting that the plaintiff Savoyr Weddington was a citizen of Texas and that Sentry was also a citizen of Texas. In fact, Sentry was a corporation organized under the laws of New York with its principal place of business in New York, exactly as had been alleged by Weddington in the First Amended Complaint ("FAC"). Because there was no basis in fact for Sentry's lawyers to assert that their own client was a Texas corporation, the Court sua sponte issued an Order to Show Cause why Sentry's lawyers, Scott Lawrence Haworth, Daniel Craig Rosenberg, and the law firm of Haworth Barber & Gertsman, LLC ( the "Law Firm") (collectively, "Respondents") ought not be sanctioned under Rule 11, Fed. R. Civ. P., and the inherent power of the Court for making specified untrue assertions.

Respondents have been afforded an opportunity to respond in writing and to present evidence at a hearing. Respondents have made written submissions and appeared on the date of the evidentiary hearing but called no witnesses and none testified on their own behalf. (Transcript of Hearing of December 18, 2019 ("Hr'g Tr.").) The Court heard oral argument from Respondents.

Set forth below are the Court's Findings of Fact and Conclusions of Law.[1]

FINDINGS OF FACT[2]

1. This action was commenced on October 31, 2018 with the filing of a complaint invoking diversity jurisdiction but merely alleging that Ms. Weddington "resides in Irving, Texas" and Sentry "is a corporation that conducts business in the state of New York." (Compl. ¶ 1.2; Doc 1.)

2. The Court issued an Order on January 7, 2019 requiring plaintiff to amend the complaint within 14 days "to allege the state of incorporation and the principal place of business of defendant." (Order of January 7, 2019; Doc 8.)

3. Also on January 7, 2019, Respondent Haworth sent an email to Respondent Rosenberg in which he stated: "I don't think we have a jurisdictional argument as the client is located in NY." (Declaration of Scott Haworth, Ex. B; Doc 23.)

4. In response to the Court's Order, plaintiff Weddington filed a First Amended Complaint ("FAC") on January 14, 2019 alleging that "Defendant SENTRY INDUSTRIES, INC. is a domestic business corporation that is incorporated in the state of New York. Its principal place of business is 1 Bridge Street, P.O. Box 885, Hillburn, New York 10931." (FAC ¶ 1.2.) No other amendment was made. The January 14 attempt to file produced an Electronic Case Filing Error and the filing was corrected on January 18. (Doc 15.)

---

[1] A Finding of Fact improperly designated as a Conclusion of Law or vice versa should be construed under the proper designation. A citation to a portion of the record is only illustrative and not intended to imply that the cited evidence is the only evidence in support of the proposition.

[2] Citations to documents that include "HBG" in their names refer to materials provided by Respondent Haworth for in camera review in connection with the Court's Order to Show Cause.

5. Also on January 14, 2019, Scott Haworth received an email from Christopher Bracone, the Chief Financial Officer of Sentry, listing in the signature block the corporate address of Sentry as 1 Bridge Street, Hillburn, New York. (HBG000428.)

6. Approximately one month later, defendant wrote to the Court in a seven-page, single-spaced letter dated February 12, 2019, signed by Respondent Haworth on the letterhead of the Respondent Law Firm (the "February 12 Pre-Motion Letter;" Doc 16). In the letter, Haworth asserted "that there is a lack of complete diversity of citizenship between the parties which precludes the adjudication of this matter in a federal district court." (Id. at 3.) He also stated that "[i]n further support of Sentry's Texas citizenship, according to the Texas Secretary of State, Sentry has been an active, registered domestic corporation within the State of Texas since August 25, 1998, maintains Texas Taxpayer No. 32000913031, and Texas Secretary of State File No. 0150298800." (Id.) The letter attached "the Texas Secretary of State Registration for Sentry. . . ." (Doc 16, Ex. G.) Respondent Rosenberg prepared the draft of the letter. (HBG000852-55.) Respondent Haworth, who signed the pre-motion letter, spent 1.1 hours revising the submission on February 11, the day before it was filed. (HBG000855.)

7. The above-quoted statements in the February 12 Pre-Motion Letter were false and no Respondent presently disputes that Sentry is incorporated in the state of New York with its principal place of business at 1 Bridge Street, Hillburn, New York, exactly as plaintiff has alleged in paragraph 1.2 of the FAC. The excerpt from the Texas Secretary of State was for a different corporation also named Sentry. In its October 16, 2019 Opinion and Order, this Court took judicial notice that Sentry Industries, Inc. is listed on the New York Department of State website as a New York corporation with a principal place of business at the same address stated

in paragraph 1.2 of the FAC. (Doc 22 at 2-3.) Sentry, through Respondent Haworth and the Respondent Law Firm, now admits the allegations of paragraph 1.2 of the FAC. (Doc 23.)

8. On March 22, 2019, Respondent Haworth signed a motion to dismiss on behalf of Sentry making the same assertions as the February 12 Pre-Motion Letter regarding Sentry's Texas citizenship and again annexing the excerpt from the Texas Secretary of State website. (Doc 18.) The motion also advanced the argument that the FAC did not state a claim for relief. Respondent Rosenberg drafted the motion papers; billing records reflect that he spent approximately 18 hours working on the submission. (HBG000855-56.) Respondent Haworth signed the final motion papers; billing records reflect that Respondent Haworth spent 0.6 hours on the submission. (HBG000856.)

9. The motion to dismiss noted that Ms. Weddington had sued a Texas corporation with the name "Sentry" in a prior Texas state court lawsuit. But paragraph 1.2 of the FAC made it plain that the defendant in the present action, i.e., Respondents' client, was a New York corporation with its principal place of business at 1 Bridge Street, Hillburn, New York.

10. The motion to dismiss was filed on March 22, 2019 at 3:08 p.m. Central time. (Declaration of Eugene Tagle, Ex. D; Doc 26.) Twelve minutes later, plaintiff's counsel, Eugene Tagle, emailed Respondents Haworth and Rosenberg alerting them that the defendant in the present action before this Court was not the wrongly-named entity in the prior Texas state court action:

> Scott & Daniel,
> I am glad to speak about this with you over the phone, but long story short, the Sentry Industries we filed against in Texas is a completely different entity that the proper entity (your client), which is why we nonsuited the matter in Texas. I will be out of town next week, but am available today via phone [redacted number] to discuss this matter further.

> Sincerely,
> Eugene Tagle

(Id.)

11. On April 18, 2019, Tagle filed an opposition on behalf of plaintiff, responding to Sentry's motion that the Court lacked subject matter jurisdiction, repeating among other things the substance of what he told Respondent Haworth and Respondent Rosenberg in his email of March 22, 2019 and describing the statements relating to defendant's Texas citizenship as "**plainly false statements**." (P. Mem. at 3; Doc 19) (emphasis in original).

12. A few days after receiving plaintiff's response, Respondent Rosenberg did inquire of Bracone, Sentry's CFO, regarding Sentry's relationship to Texas. (HBG000767.) Mr. Bracone replied to Rosenberg the same day in blunt and unequivocal terms:

> We are not and have never been a Texas Corporation. We are a New York Corporation and I thought I had made that clear in the past. We do not pay taxes nor do we have a location in the State of Texas.

(Id.)

13. On April 30, 2019, Respondent Rosenberg tried to meet with Respondent Haworth, but he was unavailable due to trial preparation. (HBG000771.) His email to Respondent Haworth of that date noted that the reply in further support of Sentry's motion to dismiss was due on May 3 and that he had been in touch with "our client Sentry" and that "they maintain that they do not have ties to Texas, so our reply will focus largely on the insufficiency of the pleadings." (Id.; HBG000772.) Haworth responded: "This is all fine[.] Sorry, but I do not have any time at this point." (HBG000771.)

14. Despite what they had learned, Respondents did not withdraw that portion of the motion that argued lack of subject matter jurisdiction. Instead, on behalf of Sentry, Respondent Rosenberg prepared, signed, and filed a reply reasserting that "the Southern District

of New York lacks subject matter jurisdiction to adjudicate this matter. . . ." (Def. Reply Mem. at 8; Doc 21.)

15. Respondent Haworth asserts that he did not read the reply submission before it was filed. (Doc 23 ¶42.) Respondent Haworth was a recipient on Tagle's email sent minutes after the initial filing and it is not plausible that he would have lacked a keen interest in how Sentry would or did respond. But it is undisputed that on the very day the reply was filed with the Court, he read the 9-page submission well enough to express his unhappiness that it contained a typographical error on the first page referring to a "failure to warm" when it should have read "failure to warn." (Doc 23 ¶ 42; HBG0000811; HBG00815; Hr'g Tr. at 15.) In a separate email to Rosenberg of the same day, Haworth also challenged, somewhat cryptically, the substance of the argument advanced in the submission: "Did not assert that plaintiff they plaintiff [sic] sued the wrong party?" (HBG000816.)

16. At no time from the filing of the reply submission on May 3, 2019, to the filing of the Court's Opinion and Order 166 days later denying the motion to dismiss (Doc 22), did Sentry or Respondents withdraw so much of their papers that argued that Sentry was a Texas corporation and that the Court lacked subject matter jurisdiction.

17. Respondents have been on notice of the basis for sanctions in this case and were given a full and fair opportunity to respond. On October 16, 2019, the Court issued an Order to Show Cause (Doc 22) to the Respondents as follows:

> Let Sentry, its counsel of record Scott Lawrence Haworth, Daniel Craig Rosenberg, and the law firm of Haworth Barber & Gerstman, LLC show cause in writing by November 4, 2019 why they should not be sanctioned under Rule 11, Fed. R. Civ. P., and the inherent power of the Court for (1) presenting to the Court a written motion to dismiss the FAC for lack of subject matter jurisdiction falsely asserting that the corporation described therein was non-diverse; (2) presenting to the Court an excerpt from the website of the Texas Secretary of State in an effort to deceive the Court into believing that the defendant named in the FAC is a

Texas corporation when in truth only the New York corporation is named in the FAC; (3) presenting to the Court a reply submission adhering to the position in the original written motion; and (4) presenting to the Court a written motion and reply falsely implying that the lawyers and law firm were moving on behalf of the entity that had been named in the 2017 Texas lawsuit, Case No. DC-17-15536-B in the District Court of Dallas, Texas, 44th Judicial District, when in truth and in fact they had been retained to defend the interest of the earbud manufacturer described in FAC ¶1.2. Respondents shall show cause why the foregoing conduct is not violative of Rule 11 and the New York Rules of Professional Conduct (inter alia, Rules 3.1; 3.3(a) & (e); 3.4(a)(1), (3) & (6); 4.1; 8.4(c) & (d)).

18. Thereafter, the Order to Show Cause was supplemented with the following excerpt from the Order of November 11, 2019 (Doc 28):

Let Scott Haworth and the law firm of Haworth Barber & Gerstman, LLC show cause in writing by November 25, 2019 why it should not be sanctioned under Rule 11, Fed. R. Civ. P., and the inherent power of the Court for presenting to the Court a letter signed by Mr. Haworth and dated February 12, 2019, filed on the Court's Electronic Case Filing System as a "Letter Motion" (Doc 16): (1) falsely asserting that the defendant corporation described in the First Amended Complaint ("FAC") was non-diverse from plaintiff because both were Texas citizens; (2) presenting to the Court as Exhibit G an excerpt from the website of the Texas Secretary of State in an effort to deceive the Court into believing that the defendant named in the FAC is a Texas corporation when in truth it is a New York corporation located at the address alleged in the FAC; (3) representing that defendant "has been an active, registered domestic corporation within the State of Texas since August 25, 1998. . . . " and (4) asserting that venue is improper in this District implicitly because the requirements of 28 U.S.C. §1391 are not satisfied.

19. In response to the two Orders to Show Cause, Respondents made written submissions to the Court (Docs 23, 24, 25), and Respondent Haworth (and implicitly the Respondent Law Firm) made a supplemental submission (Doc 32). In response to an Order of the Court, Respondents submitted two binders of materials that the Court has reviewed.

20. As part of his response, Respondent Haworth states that he assigned this matter to Respondent Rosenberg on January 7, 2019, and entrusted Respondent Rosenberg with handling the pre-answer motion, assuming that Respondent Rosenberg, who had been practicing law for approximately ten years, would do accurate work without Respondent Haworth needing

to review it. (Doc 23 ¶¶ 23-26; 35-38; Hr'g Tr. at 18.) In Respondent Rosenberg's submission, he confirmed that he was responsible for the daily handling of this matter, and claimed that he "mistakenly concluded" that his client was in fact a Texas entity. (Doc 24 ¶¶ 13-15.)

21. At the sanctions hearing, Respondent Haworth described the work on the motion as "shoddy" and "irresponsible," pointing the finger at Respondent Rosenberg. (Hr'g Tr. at 4.) Respondent Rosenberg "apologize[d] to [the] Court, to co-counsel for any misstatements contained in the filing that we discussed." (Id. at 22.)

22. No Respondent squarely addresses the fact that the only amendment to the original complaint made in the First Amended Complaint was the inclusion of Sentry's state of incorporation, New York, and its principal place of business, 1 Bridge Street, Hillburn, New York, which were made in direct response to an Order of this Court. Respondent Haworth states that he was aware that an amendment had been filed and that it related to the allegation of his client's state of incorporation and principal place of business, but he did not examine it or inquire further, relying on Respondent Rosenberg. (HBG000483; Hr'g Tr. at 18-19.) It is implausible that at no time prior to the filing of the February 12 Pre-Motion Letter asserting that their client was a Texas corporation that Respondents neither examined the allegation in paragraph 1.2 of the FAC nor made inquiries of their client.

23. Respondent Haworth tries to come to grips with his email of January 7, 2019 to Respondent Rosenberg alerting him that "I don't think we have a jurisdictional argument as the client is located in NY." (Doc 23, Ex. B.) Yet 36 days later, he submitted a letter to the Court, drafted by Rosenberg, asserting that defendant was a Texas corporation. Respondent Haworth endeavors to explain this discrepancy with the following statement: "In my best estimate, I did not recall the email I had written several weeks prior." (Doc 23 ¶ 25.) Failure to

recall the email does not mean that Respondent Haworth had forgotten the location of his client. He offers no statement of when or how he learned where his client was located.

24. Both Respondents Haworth and Rosenberg made troubling statements in response to the October 16 Order to Show Cause that "[i]t was not until April 18, 2019, approximately two months after the filing of Sentry's motion, that plaintiff raised in her opposition the argument that Sentry's counsel in New York had mistakenly used the corporate location of a different Sentry Industries, Inc. i.e. the alternative fuel company. (See ECF Doc. No. 19.)"[3] (Doc 24 ¶ 21; see also Doc 23 ¶ 38.) But that assertion is demonstrably untrue. Mr. Tagle, counsel for Ms. Weddington, had emailed both Respondent Haworth and Respondent Rosenberg 12 minutes after the initial motion was filed informing them the two entities were not the same. (Doc 26, Ex. D.) Of course, Respondents were on notice of this months before when paragraph 1.2 of the FAC was filed in response to a Court Order.

25. The narrative that Respondents were confused into thinking that their client was a Texas corporation because a Texas corporation also named "Sentry" had been sued by Weddington in a prior Texas state court action that was dismissed by plaintiff (HBG000800) is false. Among the reasons for this finding are the following: (a) Respondent Haworth knew his client was located in New York and had told Respondent Rosenberg this in an email; (b) paragraph 1.2 of the FAC made plain that the only party named as defendant was a New York corporation headquartered in New York; (c) Sentry's CFO told Respondent Rosenberg that "We are not and have never been a Texas Corporation. We are a New York Corporation and I thought I had made that clear in the past. We do not pay taxes nor do we have a location in the State of Texas;" and (d) Weddington's lawyer emailed Respondents Haworth and Rosenberg and

---

[3] The Court notes that Respondent Rosenberg admitted at the December 18, 2019 hearing that his declaration "misstated" when he learned of plaintiff having sued the wrong entity in the Texas action. (Hr'g Tr. at 9.)

told them that she was not suing the entity named in the prior Texas action. In the face of all of this knowledge, the initial motion to dismiss for lack of subject matter jurisdiction was not withdrawn, but instead, Respondents doubled-down by filing a reply brief adhering to their prior position.

CONCLUSIONS OF LAW

26. "Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108 (2d Cir. 2013). Rules 11(b)(2) and (3), Fed. R. Civ. P., provide in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

27. Respondents' "factual contention[]" that Sentry was a Texas corporation and non-diverse in citizenship from Ms. Weddington did not have "evidentiary support" nor was there any basis to believe that it likely would have "evidentiary support."

28. Respondents' "legal contention[]" that the Court lacked subject matter jurisdiction was not "warranted by existing law" or any nonfrivolous argument for extending existing law.

29. Rule 11(c)(3), Fed. R. Civ. P. empowers the Court to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Sanctions proceedings initiated by the Court differ in at least two important

respects from those initiated by opposing counsel's motion. See Rules 11(c)(2) and 11(c)(3), Fed R. Civ. P. First, where counsel makes a motion for sanctions pursuant to Rule 11(c)(2), the party that submitted the challenged paper, claim, defense, contention, or denial has 21 days to withdraw it before the sanctions motion can be filed with a court. Rule 11(c)(2), Fed. R. Civ. P. However, when the Court initiates sanctions proceedings sua sponte, this 21-day "safe harbor" does not apply. Muhammad, 732 F.3d at 108; Rule 11(c)(3), Fed. R. Civ. P. Second, in order for a court to impose sanctions pursuant to a motion by opposing counsel, the court must find the challenged conduct to be "objectively unreasonable." In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003). However, the Second Circuit has concluded that in the case of court-initiated Rule 11 sanctions, a heightened, subjective "bad faith" standard applies. Muhammad, 732 F.3d at 108-109 (citing In re Pennie & Edmonds LLP, 323 F.3d at 90-91).

30.     Statements made in a submission governed by Rule 11(b), Fed. R. Civ. P. are not assessed solely at the moment that the statement is made. The Advisory Committee's note to the 1993 amendment that included "later advocating" language observed that "a litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Rule 11, Fed. R. Civ. P. 1993 Amendment Advisory Committee Note. The failure to correct a prior statement in a pending motion is the continued advocacy of that statement and is subject to sanctions. Galin v. Hamada, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017) ("[A] court may impose sanctions on a party for refusing to withdraw an allegation or claim even after it is shown to be inaccurate.") (internal quotation marks, alterations, and citation omitted), aff'd, 753

F. App'x 3 (2d Cir. 2018); accord AJ Energy LLC v. Woori Bank, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *10 (S.D.N.Y. Sept. 26, 2019) (citing Galin).

    31. The subjective bad faith standard is met if the Court finds that the lawyer knew the factual assertion lacked evidentiary support, or the legal contention lacked support in law. See, e.g., United States ex rel. Hayes v. Allstate Ins. Co., 686 F. App'x 23, 28 (2d Cir. 2017) (affirming finding of bad faith where attorney falsely asserted to have "personal knowledge" concerning defendants' involvement in wrongdoing); Rankin v. City of Niagara Falls, Dep't of Pub. Works, 569 F. App'x 25, 27 (2d Cir. 2014) (affirming sanctions imposed pursuant to Rule 11(c)(3), Fed. R. Civ. P., where lawyer repeatedly made misleading representations to the court to obtain extensions of time); see also Luscier v. Risinger Bros. Transfer, Inc., No. 13-cv-8553 (PKC), 2015 WL 5638063, at *8 (S.D.N.Y. Sept. 17, 2015) (citing Cardona v. Mohabir, No. 14 Civ. 1596 (PKC), 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014) for the proposition that bad faith requires finding that the lawyer knew contentions presented to the Court lacked support when made). Proof of actual knowledge, and not merely what a reasonable attorney should have known, is necessary. See Muhammad, 732 F.3d at 108-109. As in a criminal case, actual knowledge may be proven by circumstantial evidence and conscious avoidance may be the equivalent of knowledge. See, e.g., United States v. Svoboda, 347 F.3d 471, 477-79 (2d Cir. 2003).

    32. Courts in this district have found the imposition of sanctions appropriate where counsel advanced frivolous jurisdictional arguments. See, e.g., Caspian Invs., Ltd. v. Vicom Holdings, Ltd., 770 F. Supp. 880, 886 (S.D.N.Y. 1991) (asserting subject matter jurisdiction based on diversity of citizenship between two alien parties was improper invocation of federal jurisdiction warranting sanctions); Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.,

675 F. Supp. 146, 154 (S.D.N.Y. 1987) (same, noting that "the obligation imposed by Rule 11 to conduct a reasonable inquiry into the facts and law underlying a pleading, motion or other paper is not triggered only when such paper is challenged.").

33. "The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations is the person to be sanctioned for a violation." Rule 11, Fed. R. Civ. P. 1993 Amendment Advisory Committee Note.

34. In considering Rule 11 sanctions, the knowledge and conduct of each respondent lawyer must be separately assessed and principles of imputation of knowledge do not apply.

35. There is an exception to the foregoing rule in the case of a law firm. Rule 11(c)(1) provides: "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

36. Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4), Fed. R. Civ. P. As recognized in the Advisory Committee Notes to the 1993 amendment to Rule 11, the Court has broad discretion in determining what sanction is appropriate, and may, for example, "issu[e] an admonition, reprimand, or censure; require[e] participation in seminars or other educational programs" instead of or in addition to a monetary fine. Rule 11, Fed. R. Civ. P. 1993 Amendment Advisory Committee Note; see also Rule 11(c)(4), Fed. R. Civ. P.

37. Viewing the totality of circumstances but individually assessing the knowledge and conduct of Respondent Rosenberg, the Court finds that, in drafting and preparing the February 12 Pre-Motion Letter and Motion to Dismiss and in drafting and signing the Reply submission in which it was falsely asserted, explicitly or, in the case of the Reply, implicitly, that

his client Sentry Industries, Inc. was a Texas corporation and that the Court lacked subject matter jurisdiction, he acted in subjective bad faith.

38.  Viewing the totality of circumstances but individually assessing the knowledge and conduct of Respondent Haworth, the Court finds that, in reviewing and signing the February 12 Pre-Motion Letter and Motion to Dismiss and in failing to withdraw the February 12 Pre-Motion Letter, Motion to Dismiss, and Reply in which it was falsely asserted, explicitly or, in the case of the Reply, implicitly, that his client Sentry Industries, Inc. was a Texas corporation and that the Court lacked subject matter jurisdiction, he acted in subjective bad faith.

39.  The Court does not find any basis to conclude that this is one of the "exceptional circumstances" where the Respondent Law Firm should be exempt from joint responsibility for violations committed by its partner and employee.

40.  Each of the Respondents are sanctioned under Rule 11 or, alternatively, under the inherent power of this Court.

41.  With regard to the nature of the sanctions to be imposed, the Court finds the following mitigating circumstances applicable to all Respondents: (a) the baseless and untrue assertions were not made for personal gain beyond legal fees from briefing the issue or, in the case of Respondent Rosenberg, salary, nor with personal animus directed toward plaintiff or her lawyer; and (b) there is no discernable pattern or practice of engaging in conduct of this type and this conduct appears to be aberrational.

42.  Respondent Haworth has been practicing law for over twenty-five years with an unblemished record. He has not fully accepted personal responsibility for his own conduct but instead asserts that it is attributable to his deferral to Respondent Rosenberg, a

lawyer of experience who had been reliable in the past, and the press of his responsibilities in supervising 14 or more lawyers with many other cases and in generating business as the sole shareholder of the Law Firm. (Hr'g Tr. at 20.) He does not view the conduct of any Respondent as "dishonest" or deceitful" but states that he is "mortified" by what transpired and finds it "abhorrent." (Id. at 4.) However, dishonesty is not the applicable standard here; bad faith is. In mitigation, the evidence showed that Respondent Haworth expressed frustration at Respondent Rosenberg's failure to deliver timely drafts to him. (HBG000702-703, HBG000745-746.) But, no Respondent sought an adjournment for any motion-related filing, which would have given them more time to review the submissions.

43. Respondent Rosenberg has been practicing for more than ten years with an unblemished disciplinary record. He has accepted responsibility and has apologized to the Court and to opposing counsel for what he described as his "misstatements." (Hr'g Tr. at 22.) He has paid dearly for his actions and no longer works at the Law Firm. (Id.)

44. There is real harm in the conduct here. Plaintiff was required to respond to a frivolous argument even after she clarified the basis for her diversity claim in a Court-ordered amendment and her counsel alerted Respondents to their baseless argument in an email minutes after the motion was filed. The non-sanctionable portion of Sentry's motion to dismiss was dealt with by the Court in four sentences in a six-page opinion, the balance of which was addressed to unsorting what proved to be the false assertion that defendant Sentry was non-diverse from plaintiff. Other litigants suffer from sanctionable conduct because time is taken away from matters worthy of expedition and judicial attention. Sanctions proceedings are tedious and time-consuming, and do not advance the progress of a case. If judges let the conduct

pass, however, it will be repeated, if not by the lawyers at hand, then by others who see that such conduct is tolerated.

        45.      The Court imposes the following sanctions jointly and severally upon Scott Lawrence Haworth, Daniel Craig Rosenberg, and Haworth Barber & Gerstman, LLC: (a) pay the sum of $3,000 into the Registry of the Court within 14 days of this Order to vindicate the harm to the judicial system; and (b) pay the attorneys' fees and expenses of Ms. Weddington's lawyer in responding to the argument of lack of subject matter jurisdiction in her answering brief and submission, and in making the submission and appearance in connection with the sanctions issue. An affidavit with exhibits in support of the attorneys' fees and expenses is due from plaintiff's counsel within 21 days of this Order and Respondents may respond 7 days thereafter.

        SO ORDERED.

                                                      P. Kevin Castel  
                                             United States District Judge

Dated:  New York, New York  
           January 17, 2020